## Barlow v. Thompson's Ex'x et al.

Jan. 9, 1945.

Victor L. Kelley for appellant.

Dan S. Arnold, J. Smith Barlow, Ernest N. Fulton, guardian ad litem for infant appellees, Andrew W. Nichols for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Estel B. Barlow became the purchaser of a 90-acre tract of land in Nelson County sold to satisfy certain claims against it. The land was appraised at $700 and sold for $825. The appeal has been prosecuted for the purpose of ascertaining whether Barlow has a good and merchantable title. Seventy-five acres of the tract, which belonged originally to John Marshall, have been involved in litigation since 1917. All, or parts, of the records of two or three other suits have been incorporated in the record now before us. The final judgment recognized the claim of the Modern Furniture Company for the burial expenses of Charlotte Marshall (wife of John Marshall), who had been adjudged a dower interest superior to the liens of Sallie W. Thompson as executrix of the will of Chester P. Thompson and Rose Nelson Brown as administratrix de bonis non with the will annexed of C. T. Atkinson. Mrs. Thompson's husband had advanced money to John Marshall on his lands. Albert Marshall, a son of John, became the purchaser of the lands for $1555 in 1922, an amount some $700 in excess of the Thompson debt. C. T. Atkinson was surety on his bonds, only a part of which was ever paid. The Thompson and Atkinson debts, including interest, of which the former was adjudged to be prior, far exceed Barlow's purchase price. In the petition in one of the earlier actions it was alleged that the share of Rhoda Marshall, a sister of Albert, in her father's estate had been satisfied. There is no denial of this plea, and the record shows the commissioner was directed to pay some $90 to her guardian in 1924. The infant children of Kate Douglas, the remaining child of John Marshall, and now deceased, were made parties to the action now before us, and Honorable Ernest N. Fulton was appointed their guardian ad litem. He reported he had made a careful examination of the case and the record therein, and was unable to make an affirmative defense for the infant.

The attorney for Mrs. Thompson is now in the United States Army overseas. The attorney for the Modern Furniture Company is also in the Army and the

attorney for Rose Nelson Brown died in 1941. No cross appeals have been filed by any of the appellees, nor have briefs been prepared in their behalf. As we have noted, the only reason Barlow has appealed is to ascertain whether he has a good title, and, of course, he is anxious for an early disposition of the case.

While it is difficult to trace the earlier proceedings step by step, we have reached the conclusion that all the necessary parties were before the court, and the final judgment properly disposed of the case. Wherefore, the judgment is affirmed.